UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **LIESCHEN CLOVER d/b/a ECLECTIQUE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-4339** |
| **ALLSTATE INSURANCE CO., ET AL.** | **SECTION: "K"(3)** |

### ORDER AND REASONS

Before the Court is the Motion to Remand (Rec.Doc.No. 7) of Plaintiff Liechen Clover d/b/a/ Eclectique ("Clover"), who challenges this action's removal alleging that the lack of complete diversity among adverse parties precludes the exercise of diversity jurisdiction under 28 U.S.C. § 1332. Defendants Allstate Insurance Company ("Allstate"), Donna Tully, and Bianchini-Tully Agency (collectively referred to as "Tully"). After reviewing the pleadings, memoranda, and relevant law, the Court finds that Plaintiff's motion is without merit and is hereby denied for the reasons assigned below.

1

## I. BACKGROUND

Plaintiff's Petition filed in the Civil District Court, Parish of Orleans, State of Louisiana, was removed to this Court on August 15, 2006, based on 28 U.S.C. § 1332, despite the fact that diversity of citizenship does not exist between Plaintiff and Tully. *See* Notice of Removal (Rec.Doc.No. 1). Plaintiff brings claims against his commercial property insurer Allstate, as well as the agency who sold the insurance policy, Donna Tully and Bianchini-Tully Agency.[1] Specifically, Plaintiff avers that he is covered under the policy for loss of income he suffered because of Hurricane Katrina, and that Tully misrepresented the coverage afforded by the policy.[2]

The removal is based on the Court having removal jurisdiction under 28 U.S.C. § 1441, which provides for federal subject matter jurisdiction over proceedings that could have been brought under 28 U.S.C. § 1332. While there is not complete diversity among the parties, Allstate contends that Tully should not be a party to the litigation and should be ignored for the purposes of determining jurisdiction under Section 1441. Specifically, Allstate argues that Tully's joinder is an attempt to evade federal jurisdiction because 1) any claim against Tully is perempted; 2) the claims against Tully fail as a matter of law; and 3) any action against him is improperly joined to the instant action. Thus, the questions presented to the Court are whether

---

[1] Plaintiff and Tully are both domiciled in Louisiana.

[2] Plaintiff avers that he instructed Tully that "the 'loss of income' provision was the most important coverage in the policy as this was the sole source of income for Clover." *See* Notice of Removal, Exhibit A at ¶ 6 (Rec.Doc.No. 1).

2

Tully is a properly joined in this action and whether the claims against both Defendants should be litigated in the same proceeding.³ For the reasons assigned below, the Court finds that there is no viable action against Tully, so the need to address the misjoinder of claims issue is moot.

## II. LEGAL STANDARD

*A.     Removal*

Pursuant to 28 U.S.C. §1441, an action can be removed if it could have been brought under 28 U.S.C. § 1332. The burden of proof for establishing federal jurisdiction is placed on the party seeking removal. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1998) (*citing Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, (1921)). If the right to remove is doubtful, the case should be remanded. *Ryan v. Dow Chemical,* 781 F. Supp. 934, 939 (E.D.N.Y. Jan. 29, 1992).

---

³ The parties do not dispute that the amount in controversy exceeds $75,000 as is required by 28 U.S.C. § 1332.

  B.  *Improper Joinder of Parties*

  In the context of a motion to remand where joinder of parties is challenged, the non-movant carries a heavy burden in establishing improper joinder[4] and must demonstrate it by clear and convincing evidence. *Jernigan*, 989 F.2d *at* 814. The Court emphasized the purpose of the improper joinder inquiry is to determine the appropriateness of joinder, not the merits of the case. *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 574 (5th Cir. 2004).

  There are two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id*. (*citing Travis v. Irby*, 326 F.3d 644, 647 (5th Cir.2003)). In the instant matter, the latter question is before the Court.[5] The test is articulated as follows:

> Whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

*Smallwood*, 385 F.3d at 573 (*citing Travis*, 326 F.3d at 646-47).

  The Fifth Circuit in *Travis* further explained:

---

[4] In an *en banc* decision, the Fifth Circuit departed from its use of the term "fraudulent joinder" and adopted the term "improper joinder, " noting there is no substantive difference between the two terms. *Smallwood v. Illinois Central Railroad* Co., 385 F.3d 568, 571, n.1(5th Cir.2004).

[5] Because the instant matter involves the exercise of subject matter jurisdiction based on diversity, the Court must apply the substantive law of Louisiana. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Musser Davis Land Co. v. Union Pacific Resources*, 201 F.3d 561, 565 (5th Cir. 2000).

> [T]he question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved. If that possibility exists, a good faith assertion of such an expectancy in a state court is not a sham, is not colorable and is not fraudulent in fact or in law.

*Travis*, 326 F.3d at 647. This possibility that state law may impose liability, however, must be reasonable, not merely theoretical. *Id* at 648.

A district court may resolve improper joinder claims in one of two ways. The first method involves conducting a Rule 12(b)(6) type analysis – looking initially at the allegations of the complaint to determine whether the plaintiff has alleged a claim under state law against the in-state defendant. *Smallwood*, 385 F.3d at 573. The second involves those cases in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. *Id*. In these cases, hopefully few in number, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Id*.

The Fifth Circuit cautioned "that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant . . . [a]ttempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits." *Id*. at 574-75. Furthermore, district courts should resolve all disputed questions of fact and substantive law in favor of the plaintiff. *Jackson v. Pneumatic Prod. Corp*., 2001 WL 238214, at *1 (E.D. La. Mar. 6, 2001). Finally, "[i]f the right to remove is doubtful, the case should be remanded." *Sullivan v. Gen-Corp, Inc*., 1995 WL 321743, at *2 (E.D. La. May 24, 1995) (Duval, J.) (*quoting Ryan v. Dow Chemical Co.*, 781 F.Supp. 934, 939.

## III. ANALYSIS

The question presented to the Court is whether there exists a viable cause of action against Tully. For the reasons assigned below, the Court finds that Tully is improperly joined in the action. Moreover, dismissing Tully thereby removes the impediment of incomplete diversity so that the exercise of Section 1332 jurisdiction is warranted.

### A.    *Claims Against Tully*

The Court must evaluate the specific allegations made in the Petition against Tully to determine whether there is a viable cause of action against the insurance agent under Louisiana law, which if exists, precludes the exercise of diversity jurisdiction in this matter. *See Newman v. ABC Corp.*, 2005 WL 2050276, at *2 (E.D. La. Aug. 12, 2005) (Duval, J.) (court looks to specific allegations made against Defendant and the appropriate state law to determine improper joinder in the context of a motion to remand).

Plaintiff pleads that Tully, through its agent, misrepresented the coverage afforded by the Allstate policy. Specifically, Plaintiff alleges that Tully misrepresented "that the policy covered property damage and business interruption in the event of a hurricane or any other catastrophe." *See* Notice of Removal, Exhibit A (Rec.Doc.No. 1). Plaintiff emphasizes in the Petition that the "loss of income" coverage was of particular importance to him. *See* Notice of Removal, Exhibit

A at ¶ 6  (Rec.Doc.No. 1). The "loss of income" provision provides in pertinent part:

> When coverage is shown in the Declarations for Loss of Income, [the insurer] will pay up to 12 consecutive months from the time of loss for:
>
> 1. Your loss of income resulting from a covered loss but not to exceed the actual reduction in net income from the operation of the business plus charges and expenses which necessarily continue during the interruption of business.
>
> ....
>
> 4. The reasonable and necessary loss of net income or net rental income for up to two weeks should civil authorities prohibit you from occupying the insured premises due to a loss at the immediately adjacent premises, caused by a peril we insure you against.

Mot. Remand, Exhibit B (Rec.Doc.No. 7).

Plaintiff's action seeks payment from Allstate for business interruption under Paragraph 1, but the Court does not address this issue at this time.[6] The sole issue before the Court is whether there is a viable action against Tully. Plaintiff seeks damages from Tully for misrepresenting coverage under Paragraph 4 of the "loss of income" provision of the policy.

With respect to this action against Tully, Louisiana Revised Statutes, Title 9, Section 5606 limits tort and breach of contract claims against insurance agents. The statute reads:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from

---

[6] Allstate has paid Plaintiff for property damage to the business caused by Hurricane Katrina. *See* Mot. Remand, p. 4 (Rec.Doc.No. 7). Plaintiff additionally seeks business interruption coverage against Allstate under Paragraph 1 of the "loss of income" provision.

>    the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such action shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

LA. REV. STAT. ANN § 9:5606(A) (2006). The statute also provides that this period is peremptive,[7] but that the limitation does not apply in cases of fraud.[8] LA. REV. STAT. ANN § 9:5606(C)& (D) (2006).

The Court must examine the nature of the claim in order to determine the commencement of the peremptive period. Plaintiff claims that the "loss of income" provision is ambiguous, and in particular, the term "adjacent premises" is unclear. Mot. Remand (Rec.Doc.No. 7). He suggests that Tully misrepresented that "adjacent premises" referred to the immediate area surrounding the business premises, while Allstate allegedly interpreted it as referring to "all of the city of New Orleans". *Id.*, at ¶ 4.

Plaintiff's claims of ambiguity in the policy have no legal consequence because Allstate has already paid him under the provision that it is attempting to show is ambiguous, and

---

[7] Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period. LA. CIV. CODE. ANN. art. 3458 (2006). The equitable doctrine of *contra non valentem*, which suspends the running of the limitations period in certain circumstances does not apply to peremptive periods. *Travelers Cas. & Sur. Co. of America v. Wright Ins. Agency Inc.*, 404 F.3d 927, 929 (5th Cir. 2005) (*citing Reeder v. North*, 701 So.2d 1291, 1298 (La. 1997) ("[N]othing may interfere with the running of a peremptive period. It may not be interrupted or suspended; nor is there provision for its renunciation. And exceptions such as *contra non valentem* are not applicable.") (*quoting Hebert v. Doctors Memorial Hosp.*, 486 So.2d 717, 723 (La. 1986)).

[8] Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction. LA. CIV. CODE. ANN. art. 1953 (2006)

moreover, coverage is limited to two weeks. Any putative ambiguity in Paragraph 4 would not lead to coverage under Paragraph 1, but only to coverage under Paragraph 4 itself, and Allstate has already paid Plaintiff under this paragraph. *See generally Louisiana Ins. Guaranty Ass'n v. Interstate Fire and Casualty*, 630 So.2d 759 (La. 1994); *see also Shelter Mutual Ins. Co. v. Culbertson's Limited, Inc.*, 1999 WL 461826, at *2 (E.D. La. July 2, 1999) (Duval, J.) ("rule of strict construction requires that ambiguous policy provisions be construed against the insurer...in favor of coverage") (*citing Garcia v. St. Bernard Parish School Bd.*, 576 So.2d 975, 976 (La. 1991).

The Court finds that because the policy language in Paragraph 4 is clear as to its business interruption coverage, and that any alleged misrepresentation could have been discovered upon issuance of the policy. The policy's issuance, therefore, is the event that begins commencement of the peremptive period. *See Bordelon v. Independent Order of* Foresters, 2005 WL 3543815, at * 3 (E.D. La. Oct. 4, 2005) (Duval, J.) (Plaintiffs should have discovered any deficiencies when she was given the opportunity to review the application thereafter) ; *Dobson v. Allstate Ins. Co.*, 2006 WL 2078423, at *10 (E.D. La. July 21, 2006) (Vance, J.) (clear flood exclusion in policy began peremptive period despite misrepresentation of insurance agent).

The misrepresentations were allegedly made on or before May 11, 2005, when the policy was issued. Suit was not filed until May 17, 2006. *See* Notice of Removal, ¶ 18 (Rec.Doc.No. 1). Thus, the Court finds that this action against Tully is perempted under Section 9:5606 and is hereby dismissed. This removes the impediment to the Court's exercise of subject matter jurisdiction based on diversity. Accordingly,

9

**IT IS ORDERED** that Plaintiff's Motion to Remand (Rec.Doc.No. 7) is **DENIED** for the reasons assigned herein.

**IT IS FURTHER ORDERED** that Defendants Donna Tully, and Bianchini-Tully Agency are **DISMISSED** from the proceeding.

New Orleans, Louisiana, on this  20th  day of November, 2006.

                                                                                    STANWOOD R. DUVAL, JR.
                                                                       UNITED STATES DISTRICT COURT JUDGE